## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## KANSAS CITY DIVISION

| | | |
|---|---|---|
| Javier Marroquin, *on behalf of himself and others similarly situated*, | ) ) ) | Case No. |
| | ) | CLASS ACTION COMPLAINT |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| Ad Astra Recovery Services, Inc., | ) ) | |
| Defendant. | ) | |

### Nature of this Action

1.  Javier Marroquin ("Plaintiff") brings this class action against Ad Astra Recovery Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et al.*

2.  Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

3.  Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, and routinely violates 15 U.S.C. § 1692e by using false representations or deceptive means to collect or attempt to collect a debts, or to obtain information concerning a consumer.

### Jurisdiction and Venue

4.  This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5.  Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and

1

transactions giving rise to Plaintiff's action occurred, in part, in this district, and as Defendant not only transacts business in this district, but resides in this district.

6. Plaintiff requests that trial of this matter be held in Kansas City, Kansas.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in La Feria, Texas.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Defendant "is a debt-recovery agency headquartered in Wichita, Kansas."[1]

10. Defendant "relies on well-trained employees and state-of-the-art computer programs to provide its clients with superior services."[2]

11. Defendant's employees are "equipped with advanced technology."[3]

12. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

14. Sometime in 2015 Plaintiff obtained a new cellular telephone number— ▅▅▅▅▅▅▅▅.

15. Shortly thereafter Defendant placed calls to Plaintiff's cellular telephone number.

16. In particular, Defendant placed at least one call to Plaintiff's cellular telephone number on April 14, 2015, April 15, 2015, April 28, 2015, and May 6, 2015.

---

[1] *See* https://adastrarecoveryservices.wordpress.com/ (last visited on June 23, 2015)

[2] *See* https://tackk.com/adastrarecoveryservices (last visited on June 23, 2015).

[3] *See* https://about.me/adastrarecoveryservices (last visited on June 23, 2015).

17. Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number on dates not specifically identified herein.

18. Defendant placed its calls to Plaintiff's cellular telephone number from (866) 398-2089.

19. During each occasion on which Plaintiff spoke with Defendant, Plaintiff informed Defendant that he was not the individual for whom Defendant was calling, and directed Defendant to cease placing calls to his cellular telephone number.

20. Defendant, nonetheless, continued to place calls to Plaintiff's cellular telephone number.

21. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

22. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

23. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain

3

software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

24. Defendant placed its calls to Plaintiff's cellular telephone number in an effort to contact a third party.

25. Defendant placed its calls to Plaintiff's cellular telephone number, in part, in an effort to collect a debt.

26. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

27. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

28. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

29. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

30. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

31. Plaintiff is not, nor was, one of Defendant's customers.

32. Plaintiff does not, nor did, have a business relationship with Defendant.

33. Plaintiff did not provide Defendant with his cellular telephone number.

34. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

35. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number.

36. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to cellular telephone service providers.

## Class Action Allegations

37. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following three classes:

> All persons and entities throughout the United States (1) to whom Ad Astra Recovery Services, Inc., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

> All persons and entities throughout the United States (1) to whom Ad Astra Recovery Services, Inc., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that Ad Astra Recovery Services, Inc.'s records contain a code or other notation indicating that the called party previously (a) informed Ad Astra Recovery Services, Inc. that the number to which it placed the call was the wrong number, (b) directed Ad Astra Recovery Services, Inc. to stop calling the number to which it placed the call, or (c) instructed Ad Astra Recovery Services, Inc. to take the number to which it placed the call off of its call list.

> All persons and entities throughout the United States (1) to whom Ad Astra Recovery Services, Inc., placed, or caused to be placed, calls, (2) within one year preceding the date of this complaint, (3) and in connection with the

collection of a consumer debt, (4) where the party who Ad Astra Recovery Services, Inc. called to collect the debt was not, according to Ad Astra Recovery Services, Inc.'s records, the party alleged to owe the debt.

38. The proposed classes specifically exclude the United States of America, the State of Kansas, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Tenth Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

39. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

40. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

41. The members of the classes are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant and by third parties.

42. There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

43. Plaintiff's claims are typical of the claims of the members of the classes.

44. As it did for all members of the classes, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

45. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

46. Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

47. Plaintiff suffered the same injuries as each of the members of the classes.

48. Plaintiff will fairly and adequately protect the interests of the members of the classes.

49. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

50. Plaintiff will vigorously pursue the claims of the members of the classes.

51. Plaintiff has retained counsel experienced and competent in class action litigation.

52. Plaintiff's counsel will vigorously pursue this matter.

53. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

54. The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

55. Issues of law and fact common to all class members are:

   a. Defendant's violations of the TCPA;

   b. Defendant's violations of the TCPA;

   c. The existence of Defendant's identical conduct;

   d. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   e. The availability of statutory penalties; and

   f. The availability of attorneys' fees and costs.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

57. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

58. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

59. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

60. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

61. The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

62. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

63. There will be little difficulty in the management of this action as a class action.

64. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

65. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-64.

66. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to his cellular telephone number, absent prior express consent.

## Count II
## Violation of 15 U.S.C. § 1692e

67. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-64.

68. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of a debt.

69. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt from Plaintiff, or to obtain information concerning a consumer.

## Count III
## Violation of 15 U.S.C. § 1692d and 1692d(5)

70. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-64.

71. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

72. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's his cellular telephone to ring repeatedly or continuously, and by engaging Plaintiff in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass Plaintiff at the called number.

## Trial by Jury

73. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. §§ 1692d and 1692e;

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a);

g) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(3);

h) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

Date: July 27, 2015                              /s/ Tony LaCroix
                                                 Tony LaCroix
                                                 LACROIX LAW FIRM, LLC
                                                 406 W. 34th Street, Suite 810
                                                 Kansas City, MO 64111
                                                 Telephone: (816) 399-4380
                                                 tony@lacroixlawkc.com

                                                 Local counsel for Plaintiff and the proposed class

                                                 Aaron D. Radbil*
                                                 Greenwald Davidson Radbil PLLC
                                                 106 East Sixth Street, Suite 913
                                                 Austin, Texas 78701
                                                 Tel: (512) 322-3912
                                                 Fax: (561) 961-5684
                                                 aradbil@gdrlawfirm.com

                                                 Counsel for Plaintiff and the proposed class

                                                 *To seek admission *pro hac vice*